IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SANDY DELANDORE GRAVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12-CV-1295 |
| | ) | |
| JOSEPH B. HALL, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

This matter is before the Court on petition filed by Sandy D. Graves pursuant to 28 U.S.C. § 2254, in which he attacks his convictions in North Carolina state court for felony operation of a motor vehicle to elude arrest, driving while his license was revoked, driving while impaired, reckless driving, and being a habitual felon. Mr. Graves has filed a Motion to Amend the petition (Doc. 8), a Motion for Summary Judgment (Doc 10), a "Motion for Civil Rule 6 Requesting Discovery" (Doc. 11), a Motion to Expand the Record and Affidavit (Doc. 12), and a Motion to Appoint Counsel (Doc. 13). Respondent has filed a Motion for Summary Judgment. (Doc. 5.) Because Mr. Graves has not shown that his procedurally defaulted claims should be excused or that the state court decisions on his other claims were unreasonable or contrary to clearly established federal law, the petition should be denied.

## BACKGROUND

As recited by the North Carolina Court of Appeals, the facts are:

> Around midnight on the evening of 24 July 2007, Detective David
> Lamberth of the Eden Police Department responded to a radio communications
> call for "a domestic in process in or around a dark blue vehicle at the Patrick

> Street/Washington Street area of Eden." When Detective Lamberth arrived, he saw a dark blue car on Washington Street. Detective Lamberth turned around to pursue the car, but defendant, who was driving it, also turned around and drove in the opposite direction down Washington Street. As Detective Lamberth followed the blue car, he observed it speed up and ultimately achieve a speed of sixty-five to seventy miles per hour. He saw the blue car run three stop signs. Detective Lamberth activated his lights and sirens after seeing defendant run the first of those stop signs. The blue car eventually crossed over a yard, spun out, and hit a fire hydrant and Detective Lamberth's cruiser. Defendant then continued driving at approximately fifty-five miles per hour in a twenty-five mile per hour zone, ran through a fourth stop sign, and veered across the road into a residential yard. Defendant then stepped out of the car, and Detective Lamberth restrained him.

*State v. Graves*, 203 N.C. App. 123, 124-25, 690 S.E.2d 545, 546-47 (2010)

Mr. Graves was indicted on charges of felony operation of a motor vehicle to elude arrest ("eluding arrest"), driving while his license was revoked "(DWLR"), reckless driving, driving while impaired, and habitual felon. (Doc. 6-2 at 23-26.) A jury convicted Mr. Graves of the first four charges, (Doc. 6-2 at 48-50), and he pled guilty to habitual felon. (Doc. 6-2 at 51-54).

On appeal, the State conceded that it did not present sufficient evidence to show that Mr. Graves was driving with a revoked license. *Graves*, 203 N.C. App. at 126, 690 S.E.2d at 547. The Court of Appeals vacated Mr. Graves's conviction for driving with a revoked license but upheld his other convictions. The court specifically held that the trial court did not err in submitting the felony eluding arrest charge to the jury, because there was sufficient evidence of three aggravating factors other than driving with a revoked license. *Graves*, 203 N.C. App. at 126-27, 690 S.E.2d at 547-48. The North Carolina Supreme Court denied Mr. Graves's pro se petition for certiorari. *State v. Graves*, 365 N.C. 188, 188, 707 S.E.2d 233, 233 (2011).

Mr. Graves then filed a Motion for Appropriate Relief ("MAR") in Rockingham County Superior Court (Doc. 6-9), but it was denied. (Doc. 6-10.) After efforts to obtain further review in the North Carolina appellate courts were unsuccessful, (Docs. 6-11, 6-13, 6-16), Mr. Graves filed a second MAR on January 12, 2012. (Doc. 6-17.) No ruling has been made on that motion;

the State has been told by the Rockingham County Superior Court Clerk's Office that the motion will not be ruled on because it is procedurally barred. (Doc. 6 at 3 n.2.)[1] Mr. Graves filed this petition for writ of habeas corpus on December 4, 2012. (Doc. 2.)

Mr. Graves advances several grounds for relief in his § 2254 petition: (1) that he received no relief after the North Carolina Court of Appeals vacated his conviction for DWLR, that the erroneous DWLR charge and eventual conviction tainted his trial in the eyes of the jury, and that once the DWLR conviction was vacated there was no basis for the felony eluding arrest charge; (2) that he was denied his right to representation when the State failed to appoint him counsel to pursue review in the North Carolina Supreme Court; (3) that there was insufficient evidence to support his conviction for driving while impaired ("DWI"); (4) that he was denied his right to a suppression hearing; (5) that he was incompetent to stand trial; and (6) that his trial and appellate counsel were ineffective for failing to object to or raise the errors he alleges in grounds (1) - (5).

## THE SUMMARY JUDGMENT MOTIONS

In reviewing petitions for writs of habeas corpus, courts are "guided and restricted by the statutory language of 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA"), and by the "wealth of Supreme Court precedent interpreting and applying this statute." *Richardson v. Branker*, 668 F.3d 128, 132 (4th Cir.), *cert. denied*, 133 S. Ct. 441 (2012). The Fourth Circuit noted in *Richardson*:

> We are mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions," that habeas corpus proceedings are a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal," and that a federal court

---

[1] In its Order denying the first MAR, the court ordered that "the petitioner's failure to assert any other grounds in this motion shall be subject to being treated in the future as a BAR to any other claims. . . that he might hereafter file in this case, pursuant to G.S. 15A-1419." Doc. 6-10 (emphasis in original).

may only issue the writ if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents."

*Id.* at 132 (quoting *Harrington v. Richter*, ___ U.S. ___, ___, 131 S. Ct. 770, 786-87 (2011)).

A federal court will grant a writ of habeas corpus for a claim adjudicated on the merits in state court only if the state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d); *Richardson*, 668 F.3d at 138; *see Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S. Ct. 1388, 1398 (2011). In addition, "[a] federal habeas court will not review a claim rejected by a state court if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, ___ U.S. ___, ___, 131 S.Ct. 1120, 1127 (2011) (internal quotation marks and alterations omitted). Finally, if "a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," a federal court will not grant the petition. *Breard v. Pruett,* 134 F.3d 615, 619 (4th Cir.1998) (internal quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A). The state courts are entitled to the "first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing," and the petitioner has the burden of proving that a claim is exhausted. *Breard*, 134 F.3d at 619; *see Mallory v. Smith,* 27 F.3d 991, 994 (4th Cir.1994).

Habeas claims of ineffective assistance of counsel are evaluated under the well-known standards established in *Strickland v. Washington*, 466 U.S. 668 (1984).

**1. The Vacated Conviction for Driving While License Revoked**

Mr. Graves makes several arguments arising out of his vacated conviction for DWLR. None were raised in his first MAR. (*See* Doc. 6-9.) Because he failed to exhaust available state

4

remedies as to these claims, they are procedurally barred. Even if they were not barred, they have no merit.

First, he contends that he received no relief after the North Carolina Court of Appeals vacated his conviction for DWLR. This is inaccurate. The record reveals that he initially received a 120-day sentence on the consolidated convictions for DWLR and reckless driving, (Doc. 6-2 at 61), and that he was resentenced after appeal to 60 days on just the reckless driving conviction. (Doc. 6-7 at 2.)

Second, he contends that the DWLR charge and eventual conviction "tainted" his trial in the eyes of the jury. However, he has not explained how the DWLR charge tainted the jury, nor has he cited any authority for the proposition that a dismissal of one charge for insufficient evidence automatically results in a new trial on other charges. The State's evidence on the eluding arrest and impaired driving charges was strong, including evidence that Mr. Graves ran a stop sign, drove away from a police car with its lights and siren activated, approached a four-way intersection at speeds reaching 70 miles per hour, hit a fire hydrant and a police cruiser, drove away from the accident scene at 55 miles per hour in a 25-miles-per-hour zone, ran additional stop signs, and veered off the road into a residential yard. (Doc. 6-18 at 11-14.) Mr. Graves had a strong odor of alcohol about his person, his speech was slurred and mumbled, and he had trouble walking. (Doc. 6-18 at 16.) He refused to take a breathalyzer test, (Doc. 6-18 at 17, 24), and at trial he admitted he drank a beer before driving and that at that time he was taking the mental health medications Zoloft, Seraquil, Depacote, and Miralax. (Doc. 6-18 at 62-63.) Only a few questions at trial were asked about his driver's license. (Doc. 6-18 at 26-29, 70.)

Finally, Mr. Graves contends that once the DWLR conviction was vacated there was no basis for the felony eluding arrest charge. In addition to constituting a stand-alone offense,

5

DWLR can serve as an aggravating factor under the statute prohibiting operation of a motor vehicle to elude arrest. N.C. Gen. Stat. § 20-141.5 (listing eight aggravating factors, two of which must be present for operation of a motor vehicle to elude arrest to be classified as a felony). The North Carolina Court of Appeals expressly rejected the argument that the reversal on the DWLR conviction required vacating his conviction on the felony eluding arrest charge. *Graves*, 203 N.C. App. at 126-27, 690 S.E.2d at 547-48.

In any event, North Carolina law requires only two aggravating factors for eluding arrest to be treated as a felony, N.C. Gen. Stat. § 20-141.5; at trial, there was sufficient evidence of three aggravating factors other than driving with a revoked license—speeding in excess of 15 miles per hour over the legal speed limit, reckless driving, and negligent driving leading to an accident causing property damage in excess of $1,000. In his testimony, Mr. Graves essentially admitted the other aggravating factors. (Doc. 6-18 at 60-61 ("I never stop at a stop sign," "I flew by on Harris Road," "I wrecked my car," and "I hit his car.").)[2] Mr. Graves has not shown any constitutional error.

### 2. The Right to Counsel on Appeal

Mr. Graves contends that he was denied his constitutional right to representation when the State failed to appoint him counsel to pursue review in the North Carolina Supreme Court. This contention is also procedurally barred, as Mr. Graves did not raise it in his first MAR. (*See* Doc. 6-9.) Moreover, there is no constitutional right to counsel beyond a first appeal as of right. *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). Mr. Graves had counsel in connection with his direct appeal to the North Carolina Court of Appeals, and there is no constitutional violation.

---

[2] Mr. Graves testified that he did not realize he was being followed by a police officer and believed the car following him to be driven by his girlfriend's husband, of whom he was afraid. (Doc. 6-18 at 60-61.)

6

### 3. Evidence of DWI

Mr. Graves contends that the evidence to support his DWI conviction was insufficient. This contention was raised in his first MAR, (Doc. 6-9 at 5), and thus the Court reviews to determine whether the Superior Court's decision denying that claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence."

This claim does not come close to satisfying this standard. Viewing the evidence in the light most favorable to the State, *Jackson v Virginia*, 443 U.S. 307, 319 (1979), Mr. Graves drove recklessly and at high rates of speed, collided with a police cruiser and a fire hydrant, drove off the road, had a strong smell of alcohol about him, and refused a breathalyzer test. (Doc. 6-18 at 11-14, 16-17, 24.) The arresting officer testified that in his opinion, Mr. Graves was impaired. (Doc. 6-18 at 25.) Mr. Graves admitted to consuming prescription medication and alcohol before driving. (Doc. 6-18 at 62-63.) This is sufficient to prove he drove while impaired in violation of North Carolina law. North Carolina appellate courts have consistently held that a law enforcement officer's opinion is "sufficient evidence of impairment, provided that it is not solely based on the odor of alcohol." *State v. Mark*, 154 N.C. App. 341, 346, 571 S.E.2d 867, 871 (2002) (collecting cases), *aff'd*, 357 N.C. 242, 580 S.E.2d 593 (2003) (per curiam). Refusal to submit to an intoxilyzer test also is admissible as substantive evidence of guilt on a DWI charge. *State v. Gregory*, 154 N.C.App. 718, 721. 572 S.E.2d 838, 840 (1997).

To the extent Mr. Graves contends that his trial and appellate counsel were ineffective in failing to raise this argument at trial and on appeal, his contention is without merit. Such a motion would have met with failure, and it is not ineffective assistance of counsel to fail to make arguments that will necessarily lose. *See Knowles v. Mirzayance*, 556 U.S. 111, 127-128 (2009)

7

(holding that failure to present insanity defense did not constitute ineffective assistance because it was "highly improbable" that the jury would have accepted that defense).

### 4. No Suppression Hearing

As best the Court understands this claim, Mr. Graves contends that his attorney should have filed a motion to suppress the evidence that his driver's license had been revoked. (Doc. 9 at 6-7, 12-14.) He raised this contention in his first MAR. (Doc. 6-9 at 5.) Thus, the Court reviews to determine whether the Superior Court's decision denying his claim involved an unreasonable application of any clearly established federal law as determined by the Supreme Court.

Mr. Graves has not identified any federal constitutional right implicated in connection with this issue. Rather, this seems to be entirely a question of state law. As noted *supra*, claims resting upon an interpretation of state law provide no basis for federal habeas relief. *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *see Spencer v. Murray*, 5 F.3d 758, 762 (4th Cir. 1993) (explaining that a determination of the admissibility of evidence is a matter of state law and procedure not involving federal constitutional issues); *see also Walker*, 131 S. Ct. at 1127 ("A federal habeas court will not review a claim rejected by a state court if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment." (internal quotation marks and alterations omitted)).

### 5. Capacity to Stand Trial

Mr. Graves contends he was not competent to stand trial. He raised this contention in his first MAR. (Doc. 6-9 at 3.) While there is evidence in the record that Mr. Graves suffered a brain injury following a 2000 car accident, none of that evidence indicates he did not have "the ability to consult with his lawyer with a reasonable degree of rational understanding" or that he

8

Case 1:12-cv-01295-CCE-LPA   Document 14   Filed 04/12/13   Page 8 of 11

did not have "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam). Mr. Graves testified at his trial, and it is apparent from reading his testimony and a colloquy with the court before he testified that he was competent to proceed. (Doc. 6-18 at 49-76.) The Superior Court's adjudication of this issue was not contrary to or an unreasonable application of state law, nor did it involve an unreasonable determination of the facts.

### 6. Ineffective Assistance

Mr. Graves has not established ineffective assistance of counsel. For reasons discussed *supra*, each of the claims for relief Mr. Graves contends his attorneys should have raised had little to no chance of success. He has therefore failed to satisfy the prejudice prong of the *Strickland* test, which requires the claimant to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694.

## OTHER PENDING MOTIONS

Mr. Graves has filed a number of motions. First, his Motion for Summary Judgment (Doc. 10) should be denied for the same reasons stated above. His Motion to Amend his petition (Doc. 8) states that an amended petition is attached, but that is not in fact the case. While Rule 15 of the Rules of Civil Procedure does require courts to grant such motions "freely . . .when justice so requires," *see Smith v. Angelone*, 111 F.3d 1126, 1133-34 (4th Cir. 1997) (applying Rule 15 in a § 2254 case), Mr. Graves has not established any grounds for such an amendment or even explained what the amendment would accomplish. Under those circumstances, the motion should be denied.

Mr. Graves has filed a pleading titled "Motion for a Civil Rule 6 Requesting Discovery." (Doc. 11.) He seeks to require the state to produce certain hospital records which he contends would show he was not impaired and that the law enforcement officer who arrested him was not telling the truth at trial about taking him to the hospital after his arrest. It is difficult to understand how both could be true: if he was not taken to the hospital, then the hospital records could not possibly show that he was not impaired. In any event, Mr. Graves has not shown good cause for his request. *See* Habeas Corpus Rule 6(a).

Mr. Graves has filed a Motion to Expand the Record and Affidavit (Doc. 12), in which he asks the Court to consider his affidavits in connection with the pending summary judgment motions. The affidavits are largely a rehash of the legal and factual arguments made in the petition and in his brief on summary judgment. Nonetheless, the petitioner is entitled to attempt to support his motion for summary judgment and oppose the respondent's motion with such evidence as he has, and therefore the Court will allow this motion. The Court has considered the affidavits to the extent they contain admissible and relevant evidence.

Mr. Graves has filed a Motion to Appoint Counsel. (Doc. 13.) No constitutional right to counsel exists in habeas corpus actions. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1990). Nonetheless, the Court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This action does not present legally complex issues, and Mr. Graves has set forth his claims adequately. Thus, the interests of justice do not require the appointment of counsel. Accordingly, the Court denies the motion to appoint counsel.

## CONCLUSION

Mr. Graves has not shown cause and prejudice or actual innocence to excuse his procedural default, nor has he shown that the state court decisions on his not-defaulted claims

10

Case 1:12-cv-01295-CCE-LPA   Document 14   Filed 04/12/13   Page 10 of 11

were unreasonable or contrary to clearly established federal law. He is not entitled to issuance of the writ. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting his convictions, nor a debatable procedural ruling, the Court denies a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Habeas Corpus Rule 11(a).

It is **ORDERED** that:

1. The Respondent's Motion for Summary Judgment (Doc. 5) is **GRANTED**.
2. The Petitioner's Motion to Amend the petition (Doc. 8) is **DENIED**.
3. The Petitioner's Motion for Summary Judgment (Doc 10) is **DENIED**.
4. The Petitioner's Motion for Civil Rule 6 Requesting Discovery (Doc. 11) is **DENIED**.
5. The Petitioner's Motion to Expand the Record and Affidavit (Doc. 12) is **GRANTED**.
6. The Petitioner's Motion to Appoint Counsel (Doc. 13) is **DENIED**.

This the 12th day of April, 2013.

_____
UNITED STATES DISTRICT JUDGE